# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **SHANE HODNETT,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:14CV00425 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Shane Hodnett, Pro Se Petitioner.*

The petitioner, Shane Hodnett, a Virginia inmate proceeding pro se, filed a petition which the court construed and docketed as arising under 28 U.S.C. § 2254, challenging his confinement. The court directed Hodnett to file a proper § 2254 petition if he wished to proceed with the action under that statute, and he has now done so. After review of the petition, I find it appropriate to summarily dismiss the petition without prejudice, because Hodnett offers no indication that he has exhausted state court remedies as required.[1]

According to Hodnett's petition and state court records available online, Hodnett faced drug-related charges in the Circuit Court for the City of Roanoke. He pleaded guilty to a charge of selling cocaine, and the Court sentenced him to

---

[1] Under Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

six years in prison, three years suspended. Judgment was entered on February 21, 2014.

Hodnett then filed this § 2254 petition in August of 2014, alleging that his trial counsel had provided ineffective assistance during the plea negotiations. In the § 2254 petition, Hodnett states that he did not appeal his conviction and has not presented his current claims to the state courts in habeas corpus proceedings. Online records also indicate that Hodnett did not appeal and has not pursued habeas relief in the state courts.

Under 28 U.S.C. § 2254(b)(1)(A), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding exhaustion requires seeking review of habeas claims in highest state court before bringing § 2254 petition in federal court). Hodnett's submissions do not indicate that he has presented his current claims of ineffective assistance to any state court. Although his opportunity to file a direct appeal has expired, Hodnett could file a habeas corpus petition in the circuit court where he was sentenced, with a subsequent appeal to the Supreme Court of Virginia, or he could file a habeas petition directly in the Supreme Court of Virginia. *See* Va. Code Ann. § 8.01-654.

Because Hodnett has available state court remedies, I must dismiss his § 2254 petition without prejudice.[2] *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

A separate Final Order will be entered herewith.

>DATED: September 9, 2014
>
>/s/ James P. Jones
>United States District Judge

---

[2] Hodnett is advised that dismissal of this petition without prejudice leaves him free to file a new § 2254 petition here, if warranted, after he has exhausted his state court remedies and has received a ruling on his claims from the Supreme Court of Virginia. *But see* 28 U.S.C. § 2244(d) (setting time limits for filing a § 2254 petition).